UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| RICHARD THARP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO._____ |
| ) | |
| CITY OF FITZGERALD ) | |
| (FIRE DEPARTMENT), ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## COMPLAINT

Plaintiff Richard Tharp ("Plaintiff") files this Complaint for Equitable Relief and Damages against Defendant the City of Fitzgerald ("Defendant") showing the Court as follows:

### INTRODUCTION

1. This is an action for intentional disability discrimination under the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101 *et seq.*, to correct unlawful employment practices on the basis of disability, to vindicate Mr. Tharp's rights, and to make him whole. Mr. Tharp sues because the City of Fitzgerald discriminated against him when it terminated his employment because he suffered

from an actual disability (throat cancer), because he had a record of disability, and/or because it regarded him as disabled

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 12101 *et seq.*, 28 U.S.C. §§ 1331 and 1343(a)(4).

3. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because Defendant City of Fitzgerald conducts business in this district and division and the unlawful actions and practices alleged herein were committed in the Middle District of Georgia.

## PARTIES

4. Plaintiff Richard Tharp is a citizen of the State of Georgia and resident of Ben Hill County, Fitzgerald, Georgia.  Plaintiff submits himself to the jurisdiction of this Court.

5. Mr. Tharp is and, at all times relevant hereto, was a qualified individual with a disability as that term is defined by 42 U.S.C. § 12102(1).

6. Mr. Tharp is an individual with a disability inasmuch as he actually has a physical impairment causing substantial limitation in one or more major life activities, because he has a record of impairment, and because the City of Fitzgerald regarded him as having an impairment.

2

7. Mr. Tharp is capable of performing the essential functions of his job with or without an accommodation.

8. The City of Fitzgerald (The City") is a municipal corporation doing business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia.

9. The City is an employer engaged in commerce or in an industry affecting commerce within the meaning of the ADA and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

10. The City may be served with process by delivering a copy of the summons and complaint in this matter to Mark Massee, Mayor, City of Fitzgerald, 302 East Central Avenue, Fitzgerald, Georgia, 31750.

## ADMINISTRATIVE PROCEEDINGS

11. Mr. Tharp filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 23, 2012 – Charge No. 846-2013-04268.

12. On or about June 29, 2016, the EEOC issued a Dismissal and Notice of Rights and this civil action is timely filed within ninety (90) days of Mr. Tharp's receipt of the Notice.

13.     All administrative prerequisites for filing suit on Mr. Tharp's ADA claims have been satisfied.

## STATEMENT OF FACTS

14.     Mr. Tharp began employment with the City of Fitzgerald Fire Department as a Fire Fighter in January 2000.

15.     Mr. Tharp performed his job duties successfully and uneventfully throughout his career with the City of Fitzgerald Fire Department until he was diagnosed with throat cancer in June of 2011 and began treatment for cancer.

16.     Mr. Tharp took medical leave from June 2011 to January 2012 for treatment of his throat cancer.

17.     When Mr. Tharp returned to work, the City refused to allow him the training he had missed while out on medical leave.

18.     In March 2012, Mr. Tharp began treatment for a health condition related to the treatment of his cancer.

19.     Soon after Mr. Tharp began the additional treatment, Fire Chief Jay Whitley stated in front of Mr. Tharp: "Did you know that most 50-year-old firemen's deaths are caused by their age and stress from a tough fire call causing a heart attack."

20.     In August 2012, Mr. Tharp was arrested for punishing his girlfriend's

son. The charges against him were ultimately dropped.

21. Mr. Tharp was in jail overnight, but his girlfriend and one of the jail employees, in accordance with the City's employment policies, each called Mr. Tharp's Captain and notified him that Mr. Tharp would be absent the next morning.

22. As soon as Mr. Tharp was released that afternoon, he reported for duty at the Fire Department.

23. When Mr. Tharp arrived at work, Chief Whitley terminated his employment on pretextual bases.

24. Chief Whitley told Mr. Tharp that he was being terminated for job abandonment even though Mr. Tharp had followed City policy in reporting his absence and the City knew this.

25. Mr. Tharp was also told that he was being terminated because he might be injurious to the public or fellow workers, however, the City retained Fire Fighter Paul Warren, a nondisabled employee, even though he had been charged with domestic abuse three times and found guilty two times.

26. The City retained Fire Fighter Raymond Deese, a non-disabled employee, who completely missed work two times without notifying the Fire Department in compliance with City policy.

27. The City also retained non-disabled employee W. David Walker after he was charged and found guilty of assaulting an individual with a gun while in a City vehicle.

28. The City has also retained Fire Fighters who were arrested for driving while under the influence and allowed them to continue to drive fire trucks.

29. The City failed to follow any of its disciplinary policies when it terminated Mr. Tharp.

30. In disciplining Mr. Tharp more harshly than his coworkers that are not disabled and terminating Mr. Tharp while retaining his non-disabled coworkers, the City of Fitzgerald discriminated against Mr. Tharp because of his actual disability.

31. Alternatively, in disciplining Mr. Tharp more harshly than his coworkers that are not disabled, the City discriminated against Mr. Tharp because of his record of disability.

32. In disciplining Mr. Tharp more harshly than his coworkers that are not disabled, the City has acted intentionally, willfully and in bad faith.

33. The effect of The City's above-stated actions has been to deprive Mr. Tharp of employment opportunities, income in the form of wages, prospective employment benefits, including but not limited to social security, pension, and

other retirement benefits to which he would have been entitled but for the City's illegal actions.

34. The effect of The City's above-stated actions has also caused Mr. Tharp to suffer out-of-pocket losses and mental and emotional distress for which he seeks redress.

## COUNT I
### Violation of ADA – Regarded as Disabled

35. Mr. Tharp incorporates by reference all of the preceding paragraphs of the Complaint.

36. At all times relevant hereto, the City has been subject to the requirements of Title I of the Americans with Disabilities Act as by the ADA. At all times relevant hereto, Plaintiff was an individual with a disability as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102 (1)(C) inasmuch as he was regarded as a person with an impairment as defined by the Act.

37. Moreover, at all times relevant hereto, Mr. Tharp has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of the job.

38. The City disciplined and terminated Mr. Tharp based on conduct for which it does not discipline its non-disabled employees.

39. The City's actions amount to a violation of Section 102 of the ADA,

42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

40. As a direct and proximate result of The City's intentional discrimination, Mr. Tharp has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job related benefits, including social security, all in an amount to be established at trial.

41. In addition, The City's actions have caused, continue to cause, and will cause the Mr. Tharp to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT II
## Violation of ADA – Actual Disability

42. Mr. Tharp incorporates by reference all of the preceding paragraphs of the Complaint.

43. At all times relevant hereto, The City has been subject to the requirements of Title I of the Americans with Disabilities Act as by the ADA.

44. At all times relevant hereto, Mr. Tharp was an individual with a disability, throat cancer, as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102 (1)(A).

45. The City is aware of Mr. Tharp's disability and history and record of disability.

46. Moreover, at all times relevant hereto, Mr. Tharp has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of his job.

47. The City disciplined and terminated Mr. Tharp based on conduct for which it does not discipline its non-disabled employees.

48. The City's actions amount to a violation of Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

49. As a direct and proximate result of The City's intentional discrimination, Mr. Tharp has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job related benefits, including social security, all in an amount to be established at trial.

50. In addition, The City's actions have caused, continue to cause, and will cause the Mr. Tharp to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT III
## Violation of ADA – Record of Disability

51. Mr. Tharp incorporates by reference all of the preceding paragraphs of the Complaint.

52. At all times relevant hereto, The City has been subject to the requirements of Title I of the Americans with Disabilities Act as by the ADA.

53. At all times relevant hereto, Mr. Tharp was an individual with a disability, throat cancer, as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102 (1)(A).

54. The City is aware of Mr. Tharp's disability and history and record of disability.

55. Moreover, at all times relevant hereto, Mr. Tharp has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of his job.

56. The City disciplined and terminated Mr. Tharp based on conduct for which it does not discipline its non-disabled employees.

57. The City's actions amount to a violation of Section 102 of the ADAAA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

58. As a direct and proximate result of The City's intentional

discrimination, Mr. Tharp has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job related benefits, including social security, all in an amount to be established at trial.

59. In addition, The City's actions have caused, continue to cause, and will cause the Mr. Tharp to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

(a) Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights as secured under the ADA;

(b) Grant Plaintiff a permanent injunction enjoining Defendant, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against the Plaintiff and others similarly situated because of the exercise of their rights under the ADA or because of his participation in this lawsuit;

(c) Grant to Plaintiff judgment in his favor and against Defendant under all Counts of this Complaint;

(d) Order Defendant to make whole the Plaintiff by providing for his out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(e) Order Defendant to compensate Plaintiff for mental and emotional damages suffered as a result of Defendant's unlawful and discriminatory acts;

(f) Grant to Plaintiff a jury trial on all issues so triable;

(g) Grant to Plaintiff his reasonable attorneys' fee and reasonable expert witness fees together with any and all other costs associated with this action as provided by 42 U.S.C. § 12117 (a)(as ); and

(h) Grant such additional relief as the Court deems proper and just.

Respectfully submitted this 27th day of September, 2016,

                                             s/ Cheryl B. Legare
                                             Georgia Bar No. 038553
                                             cblegare@law-llc.com

LEGARE, ATTWOOD & WOLFE, LLC
400 Colony Square

1201 Peachtree Street, NE
Suite 1000
Atlanta, GA 30361
Tel: (470) 823-4000 | Fax: (470) 201-1212

Counsel for Plaintiff